**NOT FOR PUBLICATION**

# FILED

FEB 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARISSA OIEN, individually and as heir, successor-in-interest to Peter John Oien, deceased and E. O., individually and as heir, survivor, and successor-in-interest to Peter John Oien, deceased, by and through her Guardian ad Litem, Patricia Oien, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO; et al., <br><br> Defendants-Appellees. | No. 15-55700 <br><br> D.C. No. 5:14-cv-01895-SVW-DTB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 13, 2017[**]
Pasadena, California

Before: D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Carissa and E.O. Oien appeal the district court's order granting Appellees' motion for summary judgment on all of their federal law claims and declining to exercise supplemental jurisdiction over their remaining state law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's ruling.

**1.** The officers did not violate Peter Oien's Fourth Amendment rights, because their warrantless entry into Walker's home was permissible under the emergency aid exception. The Fourth Amendment protects individuals "against unreasonable searches and seizures." *United States v. Struckman*, 603 F.3d 731, 737–38 (9th Cir. 2010) (quoting U.S. Const. amend. IV). "Searches and seizures inside a home without a warrant are presumptively unreasonable." *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1221 (9th Cir. 2014), *rev'd in part on other grounds, cert. dismissed in part*, 135 S. Ct. 1765 (2015). However, "a warrantless search or seizure is permitted to render emergency aid or address exigent circumstances." *Id.* The emergency aid exception, at issue here, "applies when: '(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need.'" *Id.* (quoting *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008)).

First, the officers who entered Mary Walker's residence to search for Peter Oien had an objectively reasonable basis for concluding that there was an immediate need to provide Oien with medical care. The officers also identified "specific and articulable facts" to support their objectively reasonable belief. *See Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1161 (9th Cir. 2014) (citation omitted). Walker clearly and unequivocally reported that Oien had stabbed himself multiple times in the chest with a steak knife and was under the influence of drugs. Walker's report alone was sufficient to establish that "there was an urgent need to protect [Oien] from serious harm." *See Sheehan*, 743 F.3d at 1223 (finding officers had a reasonable basis for entering plaintiff's room, under the emergency aid exception, based on social worker's report). Further, the faint, muffled noises Oien made in response to the officers' questions did not dissipate the officers' objectively reasonable conclusion that Oien needed immediate medical care. *Cf. United States v. Dugger*, 603 F.2d 97, 98–100 (9th Cir. 1979) (finding "any excuse of an emergency [that required immediate entry] dissipated" after the occupant of an apartment "called out that he was putting on his shoes and would be right out").

Second, the scope and manner of the search were reasonable in light of the need to provide urgent medical care to Oien. The officers announced their

presence and identified themselves before entering the home. They also, unsuccessfully, attempted to communicate with Oien before entering. All of these actions were reasonable. *See Sheehan*, 743 F.3d at 1223 (finding officers carried out a search, under the emergency aid exception, "in a reasonable manner" where "the officers knocked and announced that they were police officers" and "used a pass key supplied by [a social worker] to let themselves in" to the plaintiff's room when she did not come to the door); s*ee also Brigham City v. Stuart*, 547 U.S. 398, 403–05 (2006) ("[L]aw enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury."). The officers were also justified in having their guns drawn, because it was reasonable for them to think, based on Walker's report, that a violent confrontation might occur. *Cf. Sheehan*, 743 F.3d at 1223 (noting that officers entering a room under the emergency aid exception properly did not have their weapons drawn when "they had no reason to believe their entry would trigger a violent confrontation").

**2.** The officers did not violate Appellants' Fourteenth Amendment rights when they shot Oien. "[U]nwarranted state interference" with a child's relationship with his or her parent "violates substantive due process." *Crowe v. Cty. of San Diego*, 608 F.3d 406, 441 (9th Cir. 2010) (quoting *Smith v. City of*

4

*Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987)).  To establish such a violation of substantive due process, Appellants must "prove that the officers' use of force 'shock[ed] the conscience.'"  *Gonzalez v. City of Anaheim*, 747 F.3d 789, 797 (9th Cir. 2014) (en banc) (quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008)).  "Where . . . the officers did not have time to deliberate, a use of force shocks the conscience only if the officers had a 'purpose to harm' the decedent for reasons unrelated to legitimate law enforcement objectives."  *Id.*

When Oien rushed at the officers suddenly, with knives in his hands, the officers did not have time to deliberate.  Therefore, the "purpose to harm" standard applies to the officers' decision to shoot Oien in the moment.  There is no evidence that the officers had a purpose to harm—they were merely acting in self-defense.  In addition, there is no evidence that the officers created the emergency situation.  Rather, the officers were responding to the emergency situation Oien created when he stabbed himself.

**3.**  The district court did not abuse its discretion in refusing to exercise supplemental jurisdiction over Appellants' state law claims.  *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). Under 28 U.S.C. § 1367(c), a "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original

jurisdiction." The district court had first dismissed all of the claims over which it had original jurisdiction before dismissing Appellants' state law claims.

**AFFIRMED.**